IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANNY J. DELAVAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:14cv3296 |
| VS. | § | |
| | § | Jury Trial Demanded |
| PTECH DRILLING TUBULARS, LLC, | § | |
| | § | |
| Defendant, | § | |

## COMPLAINT

Plaintiff Danny Delaval files this Complaint against Defendant PTech Drilling Tubulars, LLC.

## Parties

1. Plaintiff Danny J. Delaval is an individual residing in Montgomery County, Texas.

2. Defendant PTech Drilling Tubulars, LLC ("PTech") is an Alaska limited liability company with its principal place of business in Montgomery County, Texas. PTech may be served through its registered agent, Glen D. Phillips, 1003 Stone Road, Kilgore, TX 75662.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA).

4. Venue is proper because all of the events in question occurred in this District.

## Claim for Relief

5. Mr. Delaval began work for PTech on January 1, 2012, as one of the original employees of PTech. He started as a machinist, but became Plant Manager in May 2013.

1

6. Around the fall of 2013, Jesse Edwards became Operations Manager. Mr. Edwards is 27, while Mr. Delaval was 59 and by far the oldest of the regular employees of the company. Mr. Delaval was regularly referred to as "old man." Starting in October 2013, Mr. Edwards began to concoct reasons to write up Mr. Delaval, and in December 2013 he succeeded in demoting Mr. Delaval and cutting his pay by almost half. From that point forward, much of the work done by Mr. Delaval was "helper" work. Mr. Delaval was replaced as Plant Manager by Chris Trimble, who is 30 years younger and far less experienced.

7. In late February 2014, Mr. Delaval became ill. His condition has not yet been fully diagnosed, but his doctors suspect that it is related to COPD and Hepatitis C. Beginning on March 3, 2014, Mr. Delaval started a series of doctor appointments and medical tests to determine the precise nature of his disability. Upper management was well aware of the situation. For example, Murray Dallas (one of the owners of PTech) sent an e-mail to Mr. Delaval stating that "What you need to do is get these tests done so you know exactly where you stand. There [are] so many things that can go wrong with kidneys and a lot of this is very treatable. Sometimes it could be appendix. We are slow right now anyways . . . ." Nonetheless, the young supervisors at PTech seized the opportunity to use Mr. Delaval's disability as a means of terminating him.

8. On March 27, 2014, Mr. Trimble brought Mr. Delaval into the office for a meeting with Mr. Edwards. At the meeting, Mr. Edwards told Mr. Delaval that he was terminated because he did not provide a doctor's excuse for being absent from work as required by company policy. In fact, there is no such requirement in the Employee Manual. Even if such a requirement existed, this would not be grounds for firing Mr. Delaval. At most, it would be grounds for sending him to the doctor to get an excuse. In fact, Mr. Delaval had provided

considerable information to PTech to document his health issues and the tests and treatment that he was receiving.

9. Mr. Delaval's job functions are now being handled by a younger employee who is not disabled.

10. Mr. Delaval filed a charge of discrimination on April 23, 2014. The EEOC issued a right to sue letter on September 30, 2014.

11. All conditions precedent have occurred or been satisfied.

12. PTech violated the ADEA and Chapter 21 of the Texas Labor Code by terminating Mr. Delaval on the basis of his age. PTech is therefore liable to Mr. Delaval for back pay, front pay, loss of benefits, liquidated damages under the ADEA (or, alternatively compensatory damages and punitive damages under the ADA and Chapter 21 of the Texas Labor Code), attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

13. PTech violated the ADA and Chapter 21 of the Texas Labor Code by terminating Mr. Delaval because of his disability, or because it regarded him as disabled, and failing to provide a reasonable accommodations including, but not limited to, allowing him to obtain medical treatment without harassment and unreasonable conditions. PTech is therefore liable to Mr. Delaval for back pay, front pay, loss of benefits, compensatory damages, punitive damages, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

14. Mr. Delaval demands a trial by jury.

For the foregoing reasons, PTech should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Delaval and against PTech for back pay, front pay, loss of benefits, liquidated damages under the ADEA, compensatory damages,

punitive damages, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

        Respectfully submitted,

        /s/ David C. Holmes
        David C. Holmes, Attorney in Charge
        State Bar No. 09907150
        Southern District No. 5494
        13201 Northwest Freeway, Suite 800
        Houston, Texas 77040
        Telephone: 713-586-8862
        Fax: 713-586-8863

        ATTORNEY FOR PLAINTIFF