| United States District Court | Southern District of Texas |
|---|---|

| | |
|---|---|
| Danny J. Delaval, § § Plaintiff, § § versus § § PTech Drilling Tubulars, LLC, § § Defendant. § | Civil Action H-14-3296 |

## Opinion on Summary Judgment

1.  *Background.*

Danny Delaval began working in Conroe, Texas, for HDD Rotary as a manual machinist in the summer of 2009. In 2012, it became PTech Drilling Tubulars, LLC.

Delaval was promoted to computer-numeric control operator, then to machinist supervisor, then to shop manager in 2013, receiving a substantial raise. Between February and December of 2013, Delaval was reprimanded five times – twice for insubordination, twice for safety violations, and once for improper tool storage.

In January of 2014, immediately after his fifth reprimand, Delaval was demoted to inspector-machinist. PTech created that position specifically for him. Although his pay was lowered, the company says that it created the position so that he would "move laterally" and have a chance to correct himself. Delaval was replaced as shop manager by Chris Trimble who is 30 years his junior.

In late February of 2014, Delaval got sick. He started seeing a doctor on May 3rd. He reported his illness to the company's owner, Murray Dallas, who asked only that Delaval keep the company informed. Delaval was absent from work from March 18th to the 24th. He did not call or otherwise tell PTech where he was. Delaval reported to work on March 25th. PTech fired him on March 27th.

2. *Disability.*

To show discrimination, Delaval must have facts from which a jury may conclude that: (a) he has a disability; (b) he was qualified for the job; and (c) he suffered a material, adverse-employment decision because of his disability.[1] Delaval cannot show that he is disabled. Assuming he were disabled, he has no facts to show that he was terminated because of his disability.

A. *Disability.*

In April of 2014, Delaval's doctor diagnosed him with chronic obstructive pulmonary disease, morbid obesity, and obstructive sleep apnea. This record is the only medical document that Delaval has furnished. Delaval says that from January 2014 until being fired he had pain – debilitating sometimes – difficulty breathing and standing, occasional inability to eat, and occasional inability to sleep because the pain. Delaval's condition remains incompletely diagnosed.

Though he has suffered from impairments, Delaval has not shown that he is disabled. Disability requires that he have a physical or mental impairment that substantially limits one or more major life activities.[2] Delaval was able to function normally. He was able to maintain himself – eat, sleep, drive, walk, bathe, dress, and work. Sleepless nights and pains not connected to an impairing consequence are not debilitating.

Aside from an incomplete diagnosis, Delaval has nothing to show that he sought treatment or care for his conditions. He has no evidence of having been to see a doctor, tests, or treatments. If Delaval were disabled he would have sought help.

B. *Adverse Decision.*

PTech says that it fired Delaval because he was absent from work for a week without reporting. Even if Delaval were disabled, he has conceded PTech's explanation because he has not explained his absence. Even if he could, he did not report it to PTech.

Though Delaval e-mailed the company on March 18th about some test results, he did not say that tests were done that day. He also did not mention that he would be gone for the next week, let alone that his absence was necessitated by medical testing.

---

[1] EEOC v. LHC Group, Inc., 773 F.3d 688, 697 (5th Cir. 2014).

[2] Americans with Disabilities Act §12101(b).

Since March 27, 2014, Delaval has not produced a doctor's note or report specifying the tests he took or his condition during his absence; he has not shown that he was unable to work, much less report.

### C.  Accomodation.

A company is not required to accommodate a person without a disability. Because Delaval is not disabled, the company was not obliged to accommodate him.

Assuming Delaval were disabled, he never requested a particular accommodation. Delaval simply never asked the company for an arrangement to accommodate his impairments.

Delaval did send the company's owner an e-mail about his diagnosis. Dallas responded that Delaval should take the tests that he needed and that he should "keep [the company] informed as to what needs to be done." This is not an accommodation. It also is not an open invitation to be absent without leave. What is more, Delaval never requested that he be given unbounded leave. Assuming he were to have asked, it would not have been a reasonable accommodation.

A company is entitled to some responsibility from its employees to operate. Because Delaval failed to notify his employer for an entire week of non-emergency doctor visits, he demonstrated none.

### 3.  Age.

To show age discrimination, an employee must show that (a) he was discharged; (b) he was qualified for the position; (c) he was within the protected class at the time of discharge; and (d) he was either (1) replaced by someone outside the protected class, (2) replaced by someone younger, or (3) otherwise discharged because of age.[3] Delaval says that PTech demoted and fired him because of his age. He can show neither.

### A.  Replacement.

Delaval's position was one created specifically for him. The position has not been filled since his termination. He was not replaced, let alone replaced by someone younger.

---

[3] Rachid v. Jack In The Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).

B.   *Reason.*

Delaval worked at PTech for five years. He was incrementally older each day. After working for four years, he was promoted. One year later after five reprimands, he was demoted. He was fired several months later after being absent without leave for more than one week.

Delaval had a long history at PTech. He did not suddenly become old during his last ten months at PTech. He did, however, suddenly become an employee with disciplinary problems.

C.   *Pretext.*

Delaval says that PTech's reason for firing him is a pretense for age discrimination.

It is improbable that the company – and the same people at the company – would promote Delaval only to demote and fire him one year later because he was old. If it did not like old people, the company would never have promoted Delaval in the first place. He has to show that, after or during his promotions, his superiors developed a discriminatory animus based on age.

To show this newfound animus, Delaval says that people called him "old man." That is a casual, non-hostile label often used on the job. Delaval has nothing to show that in referring to him as "old man" his coworkers were deriding him. He never reported them, asked that they stop, or something similar.

Delaval says that, after being demoted, his employer asked him to do "helper work," including mowing the lawn and painting – that the work was demeaning. Work is work. Delaval's employer pays him to show up and do what is asked of him, whether that be machine inspection or mowing the lawn.

Delaval says that the reprimands he received before his demotion were "concocted" against him – the result of discrimination. He specifically objects only to the one in October, saying that he was on vacation when it was issued. Because he was gone when it was issued, Delaval says that the charge was obviously contrived. He says that the others should be dismissed for the same reason.

The October reprimand was for a "policy violation." Specifically, he did not store tools before leaving. Delaval's being on vacation does not preclude his irresponsibility. Axiomatically, you cannot store or return tools you are using while at work. Leaving out expensive equipment and not returning them requires that you have left work or stopped working on the task which required the tools. Delaval gives no fact from which a reasonable person might conclude that

his reprimand was related to his age. He cannot show that the October reprimand – let alone the four others – was a pretext for age discrimination.

4. *Conclusion.*

Delaval sued PTech saying that it discriminated against him because of his disability and age. He has not shown that PTech fired him for anything other than his having been a poor employee in his last year at PTech. He will take nothing from PTech.

Signed on August 6, 2015, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge